## McConaghy, Administratrix, v. City of Philadelphia.

*Illoway & Felix,* for plaintiff; *J. P. Gaffney,* for defendant.

MARTIN, P. J., Sept. 25, 1930.—George P. McConaghy in his lifetime was a battalion chief employed in the Fire Department of the City of Philadelphia.

On May 16, 1923, an act was passed by the Legislature of Pennsylvania providing for a two-platoon system for officers of the fire force of the Department of Public Safety in the City of Philadelphia [P. L. 235]. By the terms of the act, George P. McConaghy would be required to work alternately every twenty-four hours, commencing at 8 o'clock in the morning and ending at 8 o'clock the following morning. From July 1, 1923, until Jan. 31, 1926, George P. McConaghy worked three days, and each fourth day was off duty. He was subject to call in case of emergency at any time. City Council appropriated for his salary between July 1, 1923, and Jan. 1, 1924, $1250, which was paid to him. No appropriation was made for additional payment for the days he worked in addition to the alternate days he would be required to work if the two-platoon system directed by the act of assembly had been adopted. For the year 1924 there was appropriated and paid to him for salary $2500; for the year 1925, $2650; and for the month of January, 1926, $210.41. No appropriation was made to compensate him for extra services rendered during the time he worked in addition to the alternate days required by the act of assembly.

George P. McConaghy having died, Anna McConaghy, as administratrix of his estate, was substituted as plaintiff. She claims payment for six months of the year 1923 at $625; for twelve months of 1924, $1250; for twelve months of 1925, $1325, and for the month of January, 1926, $105.20, a total of $3305.20.

No appropriation has been made by the City of Philadelphia to pay this claim.

During the time for which this claim is made, George P. McConaghy rendered the service required of him, and accepted the pay appropriated for him, without protest. He is not entitled to recover further compensation on a *quantum meruit* on the theory that he should not have been required to work during the extra time. He performed the work without protest or demand for extra compensation.

The head of the Department of Public Safety did not divide the chief engineers, deputy chief engineers and the battalion chiefs of the uniformed fire force in the employ of the city into two platoons, as provided in the act of assembly, no two-platoon system was adopted, and there was no change of hours for service of members of the uniformed fire force. Plaintiff's contractual relation with the city remained unchanged. He continued to work, took no steps to compel the reduction of his working hours, and received the pay for the services performed by him, in accordance with the regulations existing during the time for which he now seeks to recover extra compensation. If he was dissatisfied with the greater number of hours he worked he could have terminated his contract at any time. He did not do so, but continued to perform his duties as batallion chief and to accept the money appropriated by Council as his compensation. He cannot now obtain additional pay.

And now, Sept. 25, 1930, the court being of opinion that the employment of George P. McConaghy by the City of Philadelphia for the extra days claimed in the case stated is not compensable, judgment is entered for the defendant, the City of Philadelphia.